UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 10-10444-NMG |
| | ) | |
| WILLIAM ANGELESCO | ) | |
| | ) | |
| Defendant | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, by and through its attorneys, Andy E. Lelling, United States Attorney, and Assistant U.S. Attorney Laura J. Kaplan, submits this sentencing memorandum.

The government recommends a sentence of 37 months. We believe this sentence is sufficient, but not greater than necessary, to comply with the purposes of the sentencing guidelines. The government believes the middle of the range is appropriate since Angelesco agreed to enter a guilty plea early on. However, he chose not to implicate his co-conspirators. The government's reasons for recommending such a sentence, pursuant to the goals enumerated in U.S.S.G. § 3553(a), are set forth below.

Looking at the nature and circumstances of the offense, there is no question that the crime of extortion is a serious offense. The case against Angelesco is strong. On September 20, 2018, the victim was assaulted by three unknown men at his home located at 614 Woodlands Way, Abington. The victim walked into his apartment as the robbery was taking place. The suspects were loading up duffel bags and tote boxes with the victim's property as the victim entered the house. The victim was punched repeatedly and the suspects screamed, "where's the cash, where's the cash?" During the struggle, the victim's fingers were injured. The suspects

fled with several pairs of limited edition sneakers, three to four pounds of marijuana, 200 vape THC cartridges, edibles, and $1,000 in cash from either the marijuana or sneaker business. Fortunately, the victim was able to get the license plate number and description of the car in which the suspects fled.   The victim did not recognize any of the suspects. However, at least three of the victim's marijuana associates knew about his marijuana and sneaker business. These individuals frequently "cuffed him weed."   Telephone records indicate that those individuals had telephone connectivity to Angelesco who, at the time, resided in Maine.   Several months prior to the Abington home invasion, the victim was the subject of another robbery at his previous Rockland, MA apartment.   The suspects also stole his marijuana.   The victim did not report the incident but his live-in girlfriend corroborated the theft of property.   The victim is a recovering heroin addict who has allegedly been sober for ten years.

Telephone records established a connection between Angelesco and several of the victim's associates who provided him with marijuana to sell.   Cell site data did not put Angelesco at the home invasion because he had shut his phone off.   However, it did show Angelesco leaving from Saco, Maine where he resided that morning and heading to MA.

Although the victim does not know Angelesco, he was able to provide a physical description of one of the participants in the home invasion which matched Angelesco, as well as the license plate number for the getaway car. The license plate number came back to Hertz Rental, LLC and was rented to William Angelesco at the time of the home invasion.

A DNA sample taken by the MA State Police from blood on the front door of Arthur's house came back as a match to Angelesco. The DNA was matched to blood from the floor of a car used in the 2001 murder of an individual, for which Angelesco was charged and acquitted.

In addition, Angelesco's fingerprints were found on a glove left at the scene of the crime. A baseball cap described by the victim was found in the Hertz rental car driven by Angelesco.

Looking at this particular defendant and his particular role in the offense we believe that a sentence at the middle of the guidelines range is appropriate to address several other specific concerns.

Angelesco's role in the offense was significant.   Angelesco is 49 years old and older than the other suspects.   He has a past violent criminal history, including a murder for which he was acquitted, and is known by law enforcement to have been a debt collector/enforcer for the New England LCN for many years. He has previously been arrested for extortion and served time in state prison.   It is therefore likely that Angelesco was the mastermind and supervisor of this plan to rob the victim's home.   He also is likely the individual, according to the victim, who caused his injuries – injuries for which he is still dealing to this day.   For these reasons, Angelesco's role in this offense was serious and warrants a sentence which reflects the seriousness of the offense.

As evidenced by Angeleso's prior criminal history, this defendant has no respect or regard for the law despite his age.   Angelesco is no stranger to the criminal justice system. Moreover, while Angelesco has been incarcerated on this offense he committed an assault on another inmate for which he was disciplined.   Despite this most recent arrest, Angelesco remains a violent and dangerous individual.   If he could not conform to the rules in prison, there is little likelihood that, upon his release, Angelesco will conform to the rules of society and not reoffend.

A sentence of 37 months will hopefully afford adequate deterrence, protect the public

from further crimes of the defendant, promote respect for the law, and provide just punishment for the offense.   For these reasons, the government believes that a sentence at the middle end of the guideline sentencing range of 37 months is necessary.   This sentence of 37 months is not greater than necessary but it is sufficient to protect the public and send a message to the defendant.   In addition, the government seeks a term of supervised release of 3 years, a special assessment of $100, and a fine at the discretion of the Court.

                                                Respectfully Submitted,

                                                ANDREW E. LELLING
                                                United States Attorney

By:    */s/ Laura J. Kaplan*
        Laura J. Kaplan
        Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                                */s/ Laura J. Kaplan*
                                                Laura J. Kaplan
                                                Assistant United States Attorney

Date: July 16, 2020